## JESSIE ARNOTE v. STATE.

No. A-6745.   Opinion Filed April 13, 1929.
(276· Pac. 242.)

L. ·C. McLean, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith ·C. Matson, Asst. Atty. ·Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Garfield county on a charge of having the unlawful possession of narcotics, and her punishment fixed at imprisonment in the state penitentiary for a term of three years. The defendant was jointly charged with one Tom Short. They were jointly tried and convicted, and this appeal is joint.   The case as to Short has heretofore been abated, because of the death of said Short.

The record discloses that at the time charged certain officers with a search warrant went to the residence of defendant and her codefendant and made a search and found 2½ grains of morphine tablets.   Defendant admits the pos-

session of morphine in a quantity forbidden by law, but contends that the same was prescribed by a physician for an illness and to relieve pain, and that its possession under such circumstances was not illegal. She offered the testimony of a physician that he gave a prescription, and of a druggist that he filled the same, some 50 days prior to the time this morphine was seized. The state offered testimony of several circumstances indicating that defendant and her codefendant were engaged in disposing of or administering narcotics. This proof was that a quantity of capsules were found in the room, that some of them contained morphine, that defendant and her codefendant attempted to destroy them, with some other circumstances.

Some contention is made that the search warrant is illegal, because of insufficient affidavit. Without setting out the affidavit or warrant, we are clearly of the opinion that the affidavit and warrant are well within the requirements announced by many decisions of this court.

The statute making it criminal to possess narcotics (section 8887, Comp. Stat. 1921) in part provides:

"* * * It shall also be unlawful for any person * * * to have in his or her possession or under his or her control, * * * any quantity whatsoever of the aforesaid narcotic drugs other or more than one dose of such narcotic drugs, acquired and procured upon the prescription of a regularly licensed and actively practicing physician, * * * for legitimate medicinal use."

There are some exceptions and provisos in the statute, but we find none that modifies the provision just quoted. There is undisputed evidence that the usual dose is one-fourth of a grain, and that one-half grain is the maximum that can be safely given. The quantity possessed by defendant was more than that permitted to be possessed at any one time under any circumstances by any one other than a physician, pharmacist, or certain persons engaged in an excepted business. So, if the evidence should be

held to show that the particular narcotics were acquired of a registered pharmacist on a prescription from a physician, both acted unlawfully, and a possession acquired in this manner would not be a defense. The purpose of this statute is to limit the disposing of habit-forming narcotics, and to limit the administering and use of the same to licensed physicians for legitimate medicinal purposes, or in the treatment of the drug habit itself. To prevent such illegal disposing or use, it has provided that no more than one dose may be possessed by any person, with the exception of physicians, etc., at any one time, and such dose must have been obtained upon the prescription of a duly licensed and actively practicing physician for legitimate medicinal use. The possession of the quantity of narcotics as shown by the evidence is clearly within the inhibition of the statute.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.